IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THE VILLAGE AT WOODLAKE COUNTRY CLUB HOMEOWNERS ASSOCIATION, on its own behalf and on behalf of its members,<br>　　　Plaintiff,<br><br>v.<br><br>OHIO SECURITY INSURANCE COMPANY<br>　　　Defendant. | §§§§§§§§§§§ | Civil Action No.  5:23-cv-196 |

# DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Ohio Security Insurance Company ("Ohio Security") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

## *Procedural Background*

1.　On January 6, 2023, Plaintiff The Village at Woodlake Country Club Homeowners Association filed its Original Petition ("Original Petition") in Cause No. 2023CI00323 and styled *The Village at Woodlake Country Club Homeowners Association, on its own behalf and on behalf of its members v. Ohio Security Insurance Company;* In the 45th Judicial District Court of Bexar County, Texas.  Ohio Security was served with citation on January 17, 2023 and timely filed its Original Answer on February 10, 2023.

## *Nature of the Suit*

2.　This lawsuit involves a dispute over Ohio Security's handling of Plaintiff's insurance claim for damages from a winter storm allegedly sustained at its property located at

6100 Woodlake Parkway, San Antonio, Texas 78244[1]. Plaintiff seeks a declaratory judgement that Plaintiffs' Policy provides coverage for the cost to repair the damaged property. Plaintiff further asserts causes of action against Ohio Security for breach of contract and violations of the Texas Insurance Code.

### *Basis for Removal*

3. Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A. The Amount in Controversy Exceeds $75,000.**

4. In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, [. . .] penalties, statutory damages, and punitive damages."[2] Here, Plaintiff claims that its property, which Plaintiff insured through Ohio Security, sustained storm damage.[3] Plaintiff seeks damages for Ohio Security's alleged failure to pay what was owed under the terms of the insurance contract.[4] The Policy in effect on the reported date of loss was a Commercial Property Policy with the following coverage limits for each building:

---

[1] Plaintiff's property consists of multiple buildings at the same address and identified as Building 1 through Building 7.
[2] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages); *see also Waldon v. Stonebridge Life Ins. Co.*, 2013 WL 12090036 (W.D. Tex. Oct. 8, 2013) at *1 (" In ascertaining the amount in controversy, a court may consider policy benefits, potential attorney's fees, as well as penalties, statutory damages, and punitive damages the insurer could be liable for under state law." (citing *St. Paul,* 134 F.3d at 1253)).
[3] *See* Exhibit A, Plaintiff's Original Petition, page 3.
[4] *See* Exhibit A, Plaintiff's Original Petition, pages 5-6.

- Building 1 has a replacement cost limit of insurance of $663,520 and a $1,000 deductible;
- Building 2 has a replacement cost limit of insurance of $563,750 and a $1,000 deductible;
- Building 3 has a replacement cost limit of insurance of $1,215,720 and a $1,000 deductible;
- Building 4 has a replacement cost limit of insurance of $545,820 and a $1,000 deductible;
- Building 5 has a replacement cost limit of insurance of $437,910 and a $1,000 deductible;
- Building 6 has a replacement cost limit of insurance of $895,180 and a $1,000 deductible, and;
- Building 7 has a replacement cost limit of insurance of $712,580 and a $1,000 deductible.

Additionally, Plaintiff seeks actual damages, consequential damages, pre-judgment interest, post-judgment interest, enhanced damages, treble damages, economic damages, and statutory penalties under the Texas Insurance Code.[5] Plaintiff also seeks attorney fees for bringing this suit.[6]

5.   Plaintiff pleads in its Original Petition that it seeks "monetary relief over $1,000,000."[7] Additionally, Plaintiff made a pre-litigation DTPA demand on August 29, 2022 in which Plaintiff asserted its contract damages were $3,705,669.25 (replacement cash value), plus $2,369,892.00 in extra-contractual damages and prompt payment penalties and $4,000.00 in attorney's fees to date (calculated at $400 per hour) for ten (10) hours of preliminary work.[8] Thus, given the Policy limits pertinent to Plaintiff's claim, the nature of Plaintiff's claim, and the types of damages sought, it is more likely than not that the amount in controversy will exceed the federal jurisdictional minimum of $75,000,00.

---

[5] *See* Exhibit A, Plaintiff's Original Petition, page 10.
[6] *See* Exhibit A, Plaintiff's Original Petition, page 9.
[7] *See* Exhibit A, Plaintiff's Original Petition, page 3.
[8] *See* Exhibit B, Plaintiff's Pre-Litigation Demand.

### B. Complete Diversity Exists Among Parties

6.   As alleged in Plaintiff's Original Petition, Plaintiff is a Texas non-profit corporation doing business in Bexar County.[9] As further alleged in Plaintiff's Original Petition, Plaintiff is comprised of homeowners who own condominiums within the Village at Woodlake community. Upon information and belief, Plaintiff continues to be a Texas non-profit corporation and is a citizen of Texas.

7.   Ohio Security Insurance Company is a company organized under the laws of the State of New Hampshire and, for federal court jurisdiction/diversity of citizenship disclosure purposes, the principal place of business is 175 Berkeley Street, Boston, Massachusetts. Accordingly, complete diversity exists between Plaintiff and Ohio Security.

### *The Removal is Procedurally Correct*

8.   Ohio Security was first served with Plaintiff's Original Petition in District Court on January 17, 2023. Therefore, Ohio Security files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b)(3).

9.   Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

10.   Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

11.   Pursuant to 28 U.S.C. §1446(d), promptly after Ohio Security files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiff, the adverse party.

---

[9] *See* Exhibit A, Plaintiff's Original Petition, page 2.

12. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the Clerk for the 45th Judicial District Court for Bexar County, Texas, promptly after Ohio Security files this Notice.

WHEREFORE, Ohio Security Insurance Company requests that this action be removed from the 45th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas – San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ SCHULTZ LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone:   (210) 227-2200
Facsimile:    (210) 227-4602
dstephens@lsslaw.com


_____
David R. Stephens
State Bar No. 19146100
*Attorney-in-Charge*

COUNSEL FOR DEFENDANT OHIO SECURITY INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this **14th** day of **February, 2023**, addressed to those who do not receive notice from the Clerk of the Court.

    Matthew R. Pearson
    Jarryd S. Morton
    Pearson Legal, P.C.
    425 Soledad, Suite 600
    San Antonio, Texas 78205
    mpearson@pearsonlegalpc.com
    jmorton@pearsonlegalpc.com

_____
David R. Stephens