IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THE VILLAGE AT WOODLAKE COUNTRY CLUB HOMEOWNERS ASSOCIATION, ONITS OWN BEHALF AND ON BEHALF OF ITS MEMBERS; | § § § § § § | SA-23-CV-00196-FB |
| *Plaintiff,* | § § | |
| vs. | § § | |
| OHIO SECURITY INSURANCE COMPANY, | § § § | |
| *Defendant.* | § § | |

**ORDER**

Before the Court in the above-styled cause of action is Defendant's Opposed Motion to Compel Appraisal and Abate Judicial Proceedings Pending the Outcome of the Appraisal [#18]. On January 23, 2024, the Court held a hearing on the motion, at which counsel for both parties appeared via videoconference. At the close of the hearing, the Court issued certain oral rulings, which it now memorializes with this written Order.

This is a first-party insurance dispute arising out of property damage from Winter Storm Uri in February 2021 to a condominium complex located in San Antonio, Texas. The property is insured by a policy of insurance issued by Defendant. Plaintiff alleges the damage sustained is covered under the Policy at issue and Defendant breached the parties' insurance contract and violated the Texas Insurance Code when it failed to conduct a full and fair investigation of Plaintiff's insurance claim and significantly undervalued the claim.

Defendant's motion asks the Court to compel the parties to participate in the appraisal process pursuant to the governing contract of insurance. Plaintiff opposes appraisal, arguing that

1

Defendant waived its right to invoke appraisal by waiting so long to demand appraisal and that the parties' dispute, which presents issues of coverage and causation of damage, falls beyond the scope of the appraisal process, which focuses on the amount of loss. The Court finds that Defendant did not waive the appraisal process and the parties' dispute is appropriate for appraisal and will therefore grant the motion.

Because this case was removed to this Court on diversity grounds, the Court applies Texas substantive law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78–80 (1938). Appraisal clauses, commonly found in insurance policies, "provide a means to resolve disputes about the amount of loss for a covered claim." *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404 (Tex. 2011). "These clauses are generally enforceable, absent illegality or waiver." *Id.* The parties agree that the Policy at issue contains an appraisal clause, which provides either party to the contract the right to make a written demand for appraisal of the loss at issue if they disagree on the value of the property or the amount of loss.

Waiver of the appraisal process is an affirmative defense "asserted against a party who intentionally relinquishes a known right or engages in intentional conduct inconsistent with claiming that right." *Tenneco Inc. v. Enter. Prod. Co.*, 925 S.W.2d 640, 643 (Tex. 1996). Waiver of an appraisal clause occurs if: (1) the parties previously reached an "impasse"; (2) following the impasse, one party unreasonably delayed seeking an appraisal; and (3) that party's delay was prejudicial. *In re Universal Underwriters*, 345 S.W.3d at 407–12. An impasse is reached when it becomes apparent to both sides that they disagree as to the damages and any further attempts to negotiate a settlement is futile. *Id.* at 408–09. If the relevant facts are undisputed, whether the appraisal clause has been waived is a question of law. *Tenneco, Inc.*, 925 S.W.2d at 643.

The Court finds that Defendant did not unreasonably delay in making an appraisal demand and has not waived the right to pursue appraisal.  As late as April through June 2023, the parties were still engaged in settlement negotiations and mediation in an attempt to resolve their dispute.  Defendant filed its motion to compel appraisal on September 1, 2023.  Even were the Court to find that the parties reached an impasse when their mediation failed in April 2023, a delay of five months is not sufficient to find the intentional relinquishment of the right to pursue appraisal.  Moreover, Plaintiff has not demonstrated prejudice caused by this modest delay.  The parties are in the very early stages of litigation.  There have been no depositions taken, substantive orders issued, or motions practice in this case.  The Court has merely held an initial pretrial conference and issued a scheduling order and the parties have designated experts.  Only minimal discovery has occurred.  In summary, due to the lack of delay and prejudice, the Court rejects Plaintiff's argument of waiver.

The Court also rejects Plaintiff's argument that the parties' dispute falls outside of the scope of the appraisal clause in the contract, which focuses on disputes as to the amount of loss. The Texas Supreme Court has made clear that "the scope of appraisal is damages, not liability." *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 890 (Tex. 2009).  However, that a dispute on the amount of loss implicates issues of causation, such as whether damage is a result of wear-and-tear rather than a covered loss, does not place the dispute beyond the contract's appraisal provision.  *Id.* at 892–93.  Any appraisal necessarily includes some causation element, because setting the "amount of loss" requires appraisers to decide between damages for which coverage is claimed from damages caused by everything else.  *Id.* at 893.  Here, the parties dispute the amount of the loss caused by Winter Storm Uri, and they may proceed with appraisal despite there being some issues related to causation.

Finally, the Court will abate this case as requested by Defendant while the parties begin the appraisal process. The parties will be directed to file a status report in three months on the progress of the appraisal, and at that point the Court will consider whether or not it is appropriate to lift the stay for specific purposes, such as discovery on specific issues related to coverage.

**IT IS THEREFORE ORDERED** that Defendant's Opposed Motion to Compel Appraisal and Abate Judicial Proceedings Pending the Outcome of the Appraisal [#18] is **GRANTED**.

**IT IS FURTHER ORDERED** that this lawsuit is **ABATED** until further order of the Court. The parties are directed to file quarterly status updates with the Court on the appraisal process, with the first report due on **April 24, 2024**.

SIGNED this 26th day of January, 2024.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE